**Heck Van TRAN, Petitioner,**

v.

**Ricky BELL, Warden, Respondent.**

**No. 00–2451–D/V.**

United States District Court,
W.D. Tennessee,
Western Division.

May 24, 2001.

Robert L. Hutton, Glanker Brown, PLLC, Memphis, TN, Brock Mehler, Mehler Law Firm, Nashville, TN, for petitioner.

Heck Van Tran, Nashville, TN, pro se.

Eric Daab, Office of Attorney General, Nashville, TN, John W. Campbell, District Attorney's General's Office, Memphis, TN, for Ricky Bell.

Leonard Green, U.S. Court of Appeals Clerk, Cincinnati, OH, pro se.

**ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION IN ABEYANCE**

DONALD, District Judge.

Petitioner, Heck Van Tran, is confined as an inmate on death row at the Riverbend Maximum Security Facility in Nashville, Tennessee. This Court's March 20, 2001 Order directed Petitioner to file an Amended Habeas Corpus Petition by May 31, 2001.

On May 15, 2001, Petitioner filed a motion seeking to hold the Petition in abeyance pending exhaustion of state remedies. Respondent has opposed the motion. The

Court heard oral argument on May 22, 2001. At that time, the Court relieved Petitioner of his obligation to file an Amended Petition pending a ruling on his motion. For the reasons that follow, the Court GRANTS Petitioner's motion.

## A. *The Procedural History*

Petitioner was convicted of three counts of felony murder for a robbery occurring on October 20, 1987. He was tried in June 1989 and was sentenced to death on each of the three counts. On direct review of his convictions and sentences, the Tennessee Supreme Court affirmed the convictions but reversed two of the three death sentences. *State v. Tran,* 864 S.W.2d 465 (Tenn.1993).

In March 1995 Petitioner filed a post-conviction petition challenging his convictions and death sentence. One of Petitioner's claims alleged that he was ineligible to be executed because he is mentally retarded. In that regard, Petitioner relied on Tenn.Code Ann. § 39–13–203, a newly enacted statute with an effective date of July 1, 1990, that makes mentally retarded defendants ineligible for the death penalty. In order to meet the statutory criteria, a criminal defendant must have an IQ no higher than 70. *Id.,* § 39–13–203(a)(1). The post-conviction trial court rejected Petitioner's claim based on a factual determination that Petitioner had an IQ of 72, and the Tennessee Court of Criminal Appeals affirmed. *Tran v. State,* No. 02C01–9803–CR–00078, 1999 WL 177560, at *5 (Tenn. Crim.App. Apr.1, 1999), *aff'd,* 6 S.W.3d 257 (Tenn.1999), *cert. denied,* 529 U.S. 1091, 120 S.Ct. 1728, 146 L.Ed.2d 648 (2000). In so holding, the Court of Criminal Appeals expressly did not reach the issue of the retroactivity of Tenn.Code Ann. § 39–13–203. 1999 WL 177560, at *5.

In the meantime, Petitioner had apparently been administered a newer IQ test on which he scored a 65. Armed with that test result, Petitioner filed a motion pursuant to Tenn.Code Ann. § 40–30–217 on February 7, 2000 seeking to reopen his post-conviction petition. Appendix to Motion to Hold Petition in Abeyance Pending Exhaustion of State Remedies (Docket Entry 32) ("Appendix") at Tab 1. The trial court dismissed the Petitioner's motion without conducting an evidentiary hearing on March 23, 2000. *Id.* at Tab 2.

Petitioner filed an application for permission to appeal to the Tennessee Court of Criminal Appeals on March 23, 2000. *Id.* at Tab 3. On June 23, 2000, the Tennessee Court of Criminal Appeals issued an order denying Petitioner's application. *Id.* at Tab 4. The Court of Criminal Appeals held that the trial court did not abuse its discretion. *Id.* at p. 2. The court explained that "[a] plain and simple reading of the Post–Conviction Procedure Act" reveals that the statute permits a post-conviction petition to be reopened if the applicant is actually innocent of the substantive offense for which he was convicted. *Id.* Here, Petitioner does not contend he is innocent of the murders but, rather, that he is innocent of the death penalty. " 'There is no appellate review of the sentence in a post-conviction proceeding.' Tenn.Code Ann. § 40–35–401." *Id.* at n. 2.

On or about August 14, 2000, Petitioner filed an application for permission to appeal to the Tennessee Supreme Court. *Id.* at Tab 5. The Tennessee Supreme Court granted the application on November 6, 2000. *Id.* at Tab 6. Oral argument took place on April 4, 2001. *Id.* at Tab 7. Thereafter, on April 10, 2001, the Tennessee Supreme Court issued an order directing the parties to file supplemental briefs addressing the issue "[w]hether executing a mentally retarded defendant would violate either the Eighth Amendment of the United States Constitution or Article I, section

16 of the Tennessee Constitution." *Id.* Petitioner and the State filed their supplemental briefs as ordered on May 7, 2001. *Id.* at Tabs 8 & 9.

## B. *The Merits of Petitioner's Application*

On May 18, 2000, Petitioner timely commenced this action by filing a Petition for Writ of Habeas Corpus. Among the claims in the Unamended Petition for Writ of Habeas Corpus is an allegation that "Petitioner's execution is prohibited by Tennessee law due to the fact that he is mentally retarded.... Denying Petitioner an opportunity to be heard on this issue violates the Fourteenth Amendment." *Id.* at ¶ 13(x).

Pursuant to this Court's March 20, 2001 Order, Petitioner has been afforded the opportunity to take limited discovery in order to file an Amended Petition. Among the claims Petitioner would like to assert in an Amended Petition is an allegation that executing a mentally retarded defendant would violate the Eighth Amendment to the United States Constitution. However, Petitioner is concerned that, because the appeal of the denial of his application to re-open the post-conviction petition is currently pending in state court, any amended petition would contain both exhausted and unexhausted claims and would, therefore, be subject to dismissal. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Lambert v. Blackwell,* 134 F.3d 506, 513–14 (3d Cir. 1997), *cert. denied,* —— U.S. ——, 121 S.Ct. 1353, 149 L.Ed.2d 284 (2001).

On the other hand, if this Court were to dismiss the Petition pending complete exhaustion of Petitioner's claims, there is a risk that Petitioner will run afoul of the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(1). Although that limitations period is tolled if the petitioner has pending a "properly filed application for State post-conviction ... review with respect to the pertinent ... claim," *id.,* § 2244(d)(2), it is not clear that an appeal of the denial of a motion to reopen a post-conviction petition will be deemed to constitute a "properly filed application." In short, Petitioner contends he is in a procedural trap. Accordingly, he asks this Court to hold in abeyance further proceedings in this action to permit him to pursue state post-conviction relief.

Respondent opposes Petitioner's motion. In that regard, however, Respondent has not cited any authority for the proposition that this Court lacks the power to grant the relief sought by the Petitioner. Moreover, although Respondent suggests that Petitioner's procedural dilemma is of his own making, his arguments are not convincing. Although Respondent is correct that an application may be *denied* on the merits notwithstanding a petitioner's failure to exhaust, 28 U.S.C. § 2254(b)(2), that provision is applicable to patently frivolous claims. During oral argument Respondent's counsel conceded, as he must, that Petitioner's Eighth Amendment claim is not frivolous.[1] Respondent also argues that Petitioner is the author of his own dilemma by knowingly creating a mixed petition. R. Br. at 4–5. Because the claim is not frivolous, Petitioner cannot be fault-

---

**1.** The lack of frivolity is demonstrated by the facts that the Tennessee Supreme Court has requested briefing on the issue and the United States Supreme Court has accepted certiorari to revisit the issue. *McCarver v. North Carolina,* —— U.S. ——, 121 S.Ct. 1401, 149 L.Ed.2d 344 (2001). Morever, even the Su-

preme Court's decision in *Penry v. Lynaugh,* 492 U.S. 302, 340, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), on which Respondent relies, explicitly left open the possibility that, at some time in the future, execution of the mentally retarded may be held to violate the Eighth Amendment.

ed for seeking to pursue it. Respondent also notes that he has not yet raised a statute of limitations defense but, notably, he has given no indication that he would forego that defense.[2]

Moreover, it would further the interests of judicial economy to hold further proceedings in this matter in abeyance pending the completion of state-court proceedings. The issues before the Tennessee Supreme Court relate not only to federal and state constitutional law but also to the interpretation and retroactive application of Tenn.Code Ann. § 39–13–203. Moreover, there appears to be a likelihood that resolution of Petitioner's claim will require a remand for a factual hearing in the state trial court to establish that Petitioner is, in fact, mentally retarded and perhaps also that other statutory preconditions for relief have been satisfied. If the state courts vacate Petitioner's death sentence, there will be no need for this Court to consider his constitutional claims. Indeed, Respondent concedes this very point, stating that "it is also worth noting that the issue would ultimately become moot, if his motion to re-open his post-conviction proceeding is decided in his favor on state law grounds." R. Br. at 5.

### CONCLUSION

For the reasons stated, the Court GRANTS Petitioner's motion to hold further proceedings in this action in abeyance pending the completion of state-court proceedings on Petitioner's post-conviction petition.

It is therefore Ordered, Adjudged and Decreed that (i) all further proceedings in this action in abeyance shall be held in abeyance pending the completion of state-

court proceedings on Petitioner's post-conviction petition; (ii) Petitioner is directed to notify this Court promptly of any decision by the Tennessee state courts on his post-conviction petition; and (iii) in the event the Tennessee state courts do not vacate Petitioner's death sentence, Petitioner shall file an amended habeas corpus Petition within forty-five (45) days of the completion of state post-conviction proceedings.

---

**2.** Respondent suggests that Petitioner is seeking an advisory opinion from this Court on the statute of limitations issue. That does not seem to be an accurate reading of Petitioner's

motion. In any event, the Court expressly does not decide how it would rule in the event a petitioner filed a mixed petition under similar factual circumstances.